*Eastern Dist.*
*April, 1838.*

DE VERBOIS
*vs.*
NAVY ET AL.

---

DE VERBOIS *vs.* NAVY ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE DISTRICT PRESIDING.

The act of the 8th of February, 1831, section 5, requires the *proces verbal* of adjudications of work to be done to levees, roads, etc., to be recorded by the parish judge, which shall operate as a lien on the land over which the levee or road is made, and in case of non-payment by the owner, an order of seizure and sale shall be granted by the parish judge, whatever

EASTERN DIST.
*April*, 1838.

DE VERBOIS
*vs.*
NAVY ET AL.

may be the amount due, etc.: but the parish judge has no jurisdiction of an ordinary suit for the payment of a privileged claim of this kind, over three hundred dollars.

The recording of the adjudication of work to be done on levees and roads, creates a privilege for the price, on the land into whatsoever hands it may come; but the third possessor is entitled to full notice of the proceeding against the land, that he may have an opportunity to retain it, by paying off the incumbrance.

This is a petitory action. The plaintiff claims title to twenty-three arpents of land with a plantation and improvements fronting on the Mississippi river, in the parish of Iberville, having the usual depth, which he claims in virtue of a partition and sale of the succession property of his deceased father, and which he purchased as one of the heirs, on the 16th of April, 1833, for the price of adjudication, in the sum of eleven thousand five hundred dollars. He further alleges, that the defendants have taken, and *continue* in the illegal possession of said plantation, whereby they are justly indebted to him in the sum of two thousand dollars for fruits, rents and revenues. He prays judgment, decreeing him to be the true owner of said land and improvements, and that he recover damages for the rents, &c.

The defendants pleaded a general denial, and aver, that they are the lawful owners of the plantation and land in question; one of them, to wit: John Navy, having purchased it at sheriff's sale, on the 15th day of August, 1835, and since conveyed a portion of it to his co-defendant.

An amended petition was filed, alleging the nullities of the pretended title of the defendants, in not complying with the formalities prescribed by law, in making sale of the property. To this a general denial was pleaded.

Upon these pleadings and issues, the cause was tried before the court and a jury.

The evidence showed, that in December, 1823, Dominique De Verbois, died in the parish of Iberville, leaving a widow and six children. His succession was opened there, and consisted of separate and community property; and among the former, a sugar plantation, containing twenty-three arpents

Eastern Dist.
*April,* 1838.

DE VERBOIS
*vs.*
NAVY ET AL.

front, with the ordinary depth. This property was adjudicated to the widow after the opening of the succession. The widow and mother of the minor children, was regularly confirmed as natural tutrix, and continued to administer the entire property of herself and her children, until January, 1833, when it became necessary to effect a partition. The plaintiff was a co-heir and then of full age, when, on the 16th January, 1833, the plantation was sold by order of the Court of Probates, and he became the purchaser for the sum of eleven thousand five hundred dollars, which sale was afterwards ratified by his mother, who was still living, and tutrix of a minor co-heir, and sister of the plaintiff.

The defendants' title depend on a sheriff's sale of the plantation, under a judgment and execution issued by the parish judge, in August, 1835, in the case of Murphy *vs.* Bezout. See the case in 7 *Louisiana Reports,* 14.

This judgment was obtained before the parish judge, for six hundred and twenty-five dollars, awarded to Murphy, by the adjudication to him as the lowest bidder, to make certain repairs on the road and levee in front of the plantation in question. The *proces verbal* of the adjudication, was dated the 3d March, 1832, and duly recorded.

These were the principal grounds on which the respective titles of the parties rested.

On hearing the evidence produced by the parties, and explanations and arguments of counsel, the jury returned a verdict for the defendants, and from judgment rendered thereon, the plaintiff appealed.

*A. N.* and *R. N. Ogden,* for the plaintiff.

*Winchester* and *Davis,* for the defendants, insisted, that the sale and the ratification by Madame Bezout, under which the plaintiff claims, can have no effect against them, because she had no right to give it to the prejudice of a judgment already recorded against the property. The plaintiff was bound to take notice of this judicial mortgage, and took the property subject to it.

2. Madame Bezout was the widow in community with her late husband, and herself heir of four out of six children, that had died before the promulgation of the new code, (the plaintiff and a minor sister only living,) so that the sale to the plaintiff, by order of the Court of Probates, in April, 1833, was predicated on a state of things which did not exist. The property was vested in the mother, and it is a proposition without exception, that no partition can be legally demanded, or made of a tract of land, the ownership of which is vested in one single individual.

3. In 1823, Madame Bezout became the sole owner of the land in question, by the judgment of a competent court, and an adjudication thereof to her, and she has ever since continued to be sole owner, without any heir having any interest in common with her. This title was perfected by the death of four children, to whom, under the law, she became sole heir. The very end of the law, which authorizes the surviving father or mother to become the purchaser of the property, held in common with the children of the marriage, is to put an end to the joint ownership. The last sale and adjudication to the plaintiff was a nullity.

4. The defendants' title rests on the recorded adjudication of the 3d of March, 1832, of the work to be done on the levee and road, which operated as a lien on the land. The act of 1831, created this privilege or lien, and authorized the parish judge to award a seizure for whatever amount was due for the work and expenses under the adjudication. It is true in this case, the proceeding was by the *via ordinaria* instead of the *via executiva*. The Parish Court is invested with a general cognizance, (perhaps exclusive,) of all cases of this kind, and is authorized to decree the seizure and sale of property in certain cases, and with certain formalities. If it is admitted the Parish Court has the right to issue an order of seizure and sale, *a fortiori*, it has the right to proceed to judgment and execution in the ordinary way.

5. The plaintiff was not entitled to citation or notice of the proceedings, because he was not in possession. His mother

EASTERN DIST.
*April*, 1838.

DE VERBOIS
*vs.*
NAVY ET AL.

was, and she resisted the suit by appealing to the Supreme Court. 7 *Louisiana Reports*, 14.

*Carleton, J.*, delivered the opinion of the court.

This is a petitory action brought for the recovery of a tract of land of twenty-three arpents front, situated in the parish of Iberville, on the banks of the Mississippi, which, the petitioner alleges, is illegally, and unjustly withheld by the defendants.

He sets up for title a judicial sale, made to him on the 16th April, 1833, in virtue of certain proceedings had, which he exhibits, to effect a partition of property held in common, between himself, his mother, and minor sister.

The defendants for answer, deny generally, and aver that they are owners and possessors of the land, under a sheriff's sale, made on the 15th August, 1835, in virtue of a judgment rendered at the suit of Murphy *vs.* the petitioner's mother Bezout, at which the defendant, Navy, became the last and highest bidder, who afterwards transferred an interest therein to Sherburne, the other defendant. They conclude with a prayer to be quieted in their possession, and in case of eviction, that they be paid for the improvements put upon the land, and that they have the benefit of the privilege, as decreed in favor of Murphy, in the judgment obtained against Bezout.

The plaintiff, by his amended petition, among other things, avers, that the title set up by defendants, is void, inasmuch as the formalities of the law, in effecting the sale, were not complied with ; the property not having been duly advertized and appraised ; and that there was an agreement between Sherburne, the sheriff, and Navy, the other defendant, that the property should be bought, and that the same was actually purchased on their joint account, all of which is denied by the defendants in their further answer to the amended petition.

There was a verdict and judgment in favor of the defendants, and the plaintiff appealed.

We think the petitioner has fully made out his title under the partition sale of the 16th April, 1833, subsequently ratified by his mother and minor sister, the only persons who, at that time, had any interest in the land.

From the records in the case of Murphy vs. Bezout, produced at the trial of this cause, by defendants, it appears, that under an ordinance of the police jury of the parish of Iberville, it became necessary to make a levee and certain repairs to the lands in question, and that the execution of the work was adjudicated to Murphy, on the 3d of March, 1832, at the price of twenty-five dollars per arpent, fronting the river, which adjudication was recorded on the 21st of April thereafter ; that on the 20th of July following, he presented his petition to the parish judge, claiming the sum of six hundred and twenty-five dollars, the value of the work, and praying an order of seizure and sale therefor, and that the widow Bezout, be cited to show cause why the order should not issue.

She, for answer, denies generally, and avers, that her residence is not in the parish of Iberville, but in the city of New-Orleans ; that she was not notified to make the repairs ; that they were not duly advertised ; that they were not made or received as the law directs, and prays to be dismissed with her costs.

At the trial of the cause in August, 1832, the judge pronounced upon the defence taken by the defendant, and decreed that the plaintiff recover the sum of six hundred and twenty-five dollars, with costs of suit, " and that the sheriff of the parish of Iberville do seize and sell according to law, the said land, and that the plaintiff have a privilege over all others, upon the proceeds of the sale of said land, for the payment of the said sum of six hundred and twenty-five dollars."

On the 23d of May, 1835, a *fieri facias* issued, under which, on the 11th of July, the sheriff advertised the land to be sold on the 15th August of the same year, on which day it was actually purchased by John Navy, as above stated.

EASTERN DIST.
*April,* 1838.

DE VERBOIS
*vs.*
NAVY ET AL.

By the laws of 1831, page 8, section 5, the parish judge is empowered to issue orders of seizure and sale, for the payment of the value of works and repairs, done on roads, levees, etc. ; and had the judge strictly confined himself to the issuing the order of seizure and sale, on an exhibition of the proper documents, the proceedings might have been regular under the statute ; but as they now stand, they have been made to take the character of ordinary proceedings, by petition, answer, trial upon the merits, judgment, execution and sale, as in ordinary cases, for the payment of a claim beyond the jurisdiction of the court, which, by law, is limited to three hundred dollars.

The recording of the adjudication of the work, created a privilege for its price upon the land, which remained attached to it, into whatsoever hands it might pass. But even supposing, that the issuing of the execution in this case was regular, yet the subsequent proceedings were clearly illegal, inasmuch as the present plaintiff who had previously acquired a title to it, had no notice, and no opportunity to retain the land and pay off the incumbrance. He was entitled to the privilege of a third possessor, his mother having been divested of title before the execution was issued.

The plaintiff claims two thousand dollars, which, he alleges, to be the value of the rents of the land while in possession of defendants, who, on their part, claim a like sum for the ameliorations which they pretend to have put on the land during that time.

It was bought by the defendants, in August, 1835, and the present suit was instituted on the 3d September, 1836. The rents and ameliorations, which appear to have been very trifling, are not noticed by the court below, or insisted upon by the counsel on either side ; nor are their value fixed by the testimony of the witnesses, which is so general and unsatisfactory, that we are unable to act upon the subject.

The opinion we have here expressed, renders it unnecessary to pronounce upon the points raised by the numerous bills of exceptions taken in the progress of the trial.

We think the judgment of the court ought to be reversed.

The act of the 8th February, 1831, section 5, requires the *procés verbal* of adjudications of work to be done to levees, roads, etc., to be recorded by the parish judge, which shall operate as a lien on the land over which the levee or road is made, and in case of non-payment by the owner, an order of seizure and sale shall be granted by the parish judge, whatever may be the amount due, etc. But the parish judge has no jurisdiction of an ordinary suit, for the payment of a privileged claim of this kind, over three hundred dollars.

The recording of the adjudication of work to be done on levees and roads, creates a privilege for the price on the land, into whatsoever hands it may come ; but the third possessor is entitled to full notice of the proceeding against the land, that he may have an opportunity to retain it, by paying off the incumbrance.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; that the plaintiff recover the land mentioned in the petition, but that no writ of possession issue herein, until the plaintiff shall pay the defendant, or deposit in the District Court for their use, six hundred and twenty-five dollars, the amount of the privilege the for work done upon the land, and that the defendants pay the costs in both courts.